IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-52-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $80,316.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| HUSSAIN NASSER MURSHED, | ) | |
| | ) | |
| Claimant. | ) | |

This matter comes before the court on the Government's motion to compel discovery responses from Claimant Hussain Nasser Murshed. [DE-22]. No response to the motion was filed, and the time to do so has expired. For the reasons set forth below, the motion to compel is allowed.

**I.   Background**

This civil forfeiture action concerns $80,316.00 seized from Murshed on August 17, 2022. Smith Decl. [DE-1-1] at 1. The Government alleges the property constitutes or is derived from proceeds traceable to an offense constituting a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), including trafficking in contraband cigarettes in violation of 18 U.S.C. § 2341 *et seq*. Compl. [DE-1] at 1. Murshed claims an interest in the currency and asserts it is not subject to forfeiture. [DE-6].

The Government served Murshed with its First Set of Interrogatories and Requests for Production of Documents on July 28, 2023. Gov't's Mem. [DE-23] at 2. After providing Murshed with several extensions of the deadline to respond and participating in two discovery conferences

1

with the court, the Government, having received no discovery responses, filed the instant motion. *Id.* at 2–6.

## II. Discussion

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26–37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make

2

available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

The court has reviewed the discovery requests served on Murshed, which seek information and documents related to his claim, Gov't's Mem., Ex. A [DE-23-1], and finds the discovery requests to be within the permissible scope of discovery. Murshed did not respond to the discovery requests, despite his counsel's assurances that a response was forthcoming, and he did not respond to the motion to compel. Accordingly, the motion to compel is allowed, and Murshed shall fully respond to the interrogatories and requests for production of documents by no later than **May 6, 2024**.

Because Murshed did not respond to the discovery requests in a timely manner and has provided the court with no good cause to excuse the failure, any objections he may have to the

3

relevance or scope of the requests are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). However, the court will permit him to assert any valid claim of privilege in his responses to the interrogatories and document requests. Murshed is cautioned that in order to validly claim a privilege, it must be expressly asserted in response to the particular discovery request involved and served with a privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A).

Murshed is cautioned that a failure to comply with this order may result in sanctions, up to and including dismissal of his claim. *See* Fed. R. Civ. P. 37(b)(2)(A).

### III. Conclusion

For the reasons stated herein, the motion to compel is allowed.

SO ORDERED, the 29th day of April, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge

4